**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

EVERETT GREENE, Captain, USN,
Plaintiff-Appellant,

v.

JOY ALLISON ZUCKER,
Defendant-Appellee,                                        No. 97-2406

and

ALBRITTON COMMUNICATIONS, d/b/a
News Channel 8,
Defendant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Albert V. Bryan, Jr., Senior District Judge.
(CA-96-1624-A)

Submitted: August 11, 1998

Decided: September 9, 1998

Before ERVIN and WILKINS, Circuit Judges, and PHILLIPS,
Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Charles William Gittins, Alexandria, Virginia, for Appellant. George
F. West, Jr., Kathleen J.L. Holmes, RICHARDS, McGETTIGAN,
REILLY & WEST, P.C., Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Everett Greene appeals from the district court's order granting summary judgment to Joy Zucker on his defamation action. For the reasons that follow, we affirm.

In early 1995, Greene, a Navy captain, was selected for consideration for promotion to the rank of Rear Admiral (lower half). Following this announcement, a former female subordinate officer, Lieutenant Elizabeth Felix, accused Greene of "overly familiar" conduct toward her and another female subordinate officer, Lieutenant Pamela Castrucci. Greene was acquitted of all charges after a general court martial. During the investigations preceding the court martial, Zucker, a personal friend of Castrucci's, provided both sides with her personal observations of Greene's conduct toward Castrucci. Zucker had agreed to testify against Greene but was never called. While the charges against Greene were pending, his consideration for promotion was stayed.

In November 1995, the Navy notified Greene that the Secretary of the Navy was reconsidering his pending promotion. Zucker then sent a letter to the Secretary in which she described her observations of Greene's conduct toward Castrucci in May 1993 and enclosed a photograph she had taken of Greene visiting Castrucci in the hospital. Zucker's letter stated that Greene had visited Castrucci in her hospital room and stayed for over two hours. According to Zucker, Greene appeared in casual street clothes and remained in the room when he was unwelcome. Zucker stated that, in her opinion, Greene's visits were "inappropriate" and that his behavior constituted "conduct unbecoming an officer."

In January 1996, after interviewing Greene and reviewing the evidence gathered during the investigation leading to his court martial,

2

the Secretary recommended that Greene's name be withdrawn from the promotion list. At the request of Greene's attorney, the Secretary released Zucker's letter to Greene. He then instituted this action, contending that her letter was false and defamatory and caused him to lose his promotion. The district court found that Zucker's communication was entitled to a qualified privilege and that, because Greene had failed to show actual malice or an abuse of that privilege, Zucker was entitled to summary judgment. Greene appeals.

This court reviews the district court's granting of summary judgment de novo. See Shaw v. Stroud, 13 F.3d 791, 798 (4th Cir. 1994). Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). We construe all facts and draw reasonable inferences in the favor of the nonmovant. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).

Under Virginia law, defamation per se is a false statement which prejudices a person in his or her profession or trade. See Great Coastal Express v. Ellington, 334 S.E.2d 846, 852 (Va. 1985). To establish "prejudice," the statements must relate to "the skills or character required to carry out the particular occupation of the plaintiff." See Fleming v. Moore, 275 S.E.2d 632, 636 (Va. 1981). Assuming Zucker's letter constituted defamation per se, she was nevertheless entitled to summary judgment.

A communication made "in good faith on a subject matter in which the person communicating has an interest, or owes a duty, legal, moral or social, if made to a person having a corresponding interest or duty" is shielded by a qualified privilege. See Ellington, 334 S.E.2d at 853 (quoting Taylor v. Grace, 184 S.E. 211, 213 (1936)). The privilege is lost only if the communication was made with actual malice or if it was otherwise abused by excess publication or disproportionately insulting language. See Ellington 334 S.E.2d at 853-54.

We find that Zucker's communication was protected by a qualified privilege and that Greene failed to show that the privilege was lost for any of the reasons cited above. Accordingly, we affirm the award of

3

summary judgment to Zucker. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4